Filed 9/13/22  P. v. Morales CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078984 |
| v. | (Super.Ct.No. RIF1701355) |
| ROGELIO VERGARA MORALES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, Rogelio Vergara Morales, filed a petition to seal his arrest records pursuant to section 851.91,[1] which the court denied. After defendant filed a notice of appeal, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potentially arguable issue: whether the court erred in denying defendant's petition to seal his arrest records. We affirm.

## I. PROCEDURAL BACKGROUND[2]

On December 3, 2018, a jury convicted defendant, a licensed attorney, of over 60 counts of various offenses including burglaries, extortions, attempted thefts, and disobeying restraining orders. The jury also found true enhancement allegations attached to many of the counts that defendant had committed hate crimes. (*Morales I, supra*, E074767.) The court sentenced defendant to 22 years of imprisonment. (*Ibid.*)

On appeal from the judgment, this court reversed counts 1 through 42 and counts 44 through 50; vacated the sentence on counts 43 and 51 through 63; and remanded for retrial counts 40, 42, and 44 at the discretion of the People. (*Morales II, supra*,

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] On the court's own motion, we take judicial notice of the records, including our prior nonpublished opinions, in defendant's appeals from the denial of his petition for writ of *coram nobis* (*People v. Morales* (Sept. 18, 2020, E074767) [nonpub. opn.] (*Morales I*) and from the judgment (*People v. Morales* (June 18, 2021, E072462) [nonpub. opn.] (*Morales II*)). (Evid. Code, §§ 452, 459; Cal. Rules of Court, rule 8.1115(b).)

E072462.)  On remand, the court dismissed most of the counts and resentenced defendant on the remaining counts to three years eight months in state prison.

Defendant thereafter filed a petition to seal his arrest records pursuant to section 851.95 contending that "over 90% of the felony convictions were reversed on insufficient evidence on appeal. . . ."  The court denied the request, noting that since defendant had still been convicted of a stalking charge, "I don't believe he's entitled to relief and the petition is denied."

## II.  DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## III.  DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:


MILLER
          J.


CODRINGTON
          J.

3